UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
ROSALIA LOPEZ              )         05 11338 WGY
      Petitioner           )
                           )
      v.                   )
                           )
                           )         /No.   RECEIPT #_____
ALBERTO R. GONZALES        )   MAGISTRATE JUDGE ____   AMOUNT $5
      Respondent           )                           SUMMONS ISSUED  N/A
            &              )                           LOCAL RULE 4.1_____
BRUCE CHADBORNE            )                           WAIVER FORM_____
DISTRICT DIRECTOR          )                           MCF ISSUED_____
U.S. IMMIGRATION AND       )                           BY DPTY. CLK._____
CUSTOMS ENFORCEMENT        )                           DATE 6/24/05
      Respondent           )
```

### MOTION FOR EMERGENCY STAY OF REMOVAL

Now Comes, Rosalia Lopez ("Petitioner"), by and through Counsel, and respectfully moves this Honorable Court for an Emergency Stay of Deportation, because Petitioner has an Asylum claim and for humanitarian reasons.

1. The Petitioner, Rosalia Lopez, is presently in the custody of the U.S. Immigration and Customs Enforcement Agency.

2. The Respondent, Bruce Chadborne, is the District Director for the U.S. Immigration and Customs Enforcement Agency, District of Boston.

### SUMMARY OF ISSUE

3. Petitioner has a claim for Asylum and should not be removed for humanitarian reasons.

4.  Petitioner will face irreparable harm if she is Removed from the United States before Petitioner's Asylum claim is adjudicated.

## ANALYSIS

5.  The Petitioner moves this Honorable Court to grant this request to stay removal pending the adjudication of Petitioner's Asylum claim.

6.  For an Emergency Stay of Removal to be granted, Petitioner must demonstrate: 1) he will likely succeed on the merits; 2) he will suffer irreparable harm; 3) the harm outweighs any potential harm that would arise from granting the stay; and 4) the stay would serve the public interest. Arevalo v. Ashcroft, 344 F.3d 1, 7, 9 (1st Cir. 2003).

7.  Petitioner will likely succeed on the merits. Petitioner has an Asylum claim that should be adjudicated before the Service. Petitioner has suffered domestic abuse at the hands of her husband. Changed country circumstances exist because Petitioner's husband was recently removed to Mexico. Petitioner is afraid to return to Mexico.

8.  Petitioner will suffer irreparable harm if Petitioner is Removed from the United States before her Asylum claim is adjudicated.

9.  The harm Petitioner will suffer far outweighs any potential harm that would arise from granting the stay. If Petitioner is removed before her Asylum claim is adjudicated. This harm to Petitioner clearly outweighs any harm in granting the Stay. Petitioner is detained by ICE and in no manner is she a violent person. By granting a Stay until the adjudicates her claim for Asylum a grave injustice to Petitioner will be averted and no harm would arise.

10. The public interest would be served if the Stay is Granted.

    a. Petitioner's one-year old United States citizen daughter and four-year old son will become charges of the state if Petitioner is deported from the United States. Furthermore, Petitioner will lose custody of her two children and the bond between mother and children will be damaged.

b. The public interest will be served because if the Stay is granted, it will ensure Petitioner's Sixth Amendment Right to Counsel and Due process Rights are not violated.

## CONCLUSION

11. Based upon the above stated facts, Petitioner prays that this court will grant her request for an Emergency Stay, where removal under the circumstances would amount to a violation of her Constitutional rights.

Respectfully Submitted,

_____
Jeff Ross, Esq.
Ross & Associates
20 Park Plaza, Suite 633
Boston, MA 02116
(617) 338-4040
BBO: 648972

I hereby certify that a true copy of the above document was served upon Office of the District Counsel, Department of Homeland Security, JFK Building, Room 425, 15 New Sudbury Street, Boston, MA 02203; the attorney of record for each party by mail on ___6/24/05___.

6/24/05