UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROSALIA LOPEZ, | ) |
| | ) |
| Petitioner | ) |
| | ) Civil Action No. |
| v. | ) 05cv11338-WGY |
| | ) |
| ALBERTO GONZALES, ET AL. | ) |
| | ) |
| Respondent | ) |

Courtesy Copy -- Do Not Scan

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

**PRELIMINARY STATEMENT**

Petitioner has filed a habeas corpus action seeking judicial review of her removal order, however habeas corpus jurisdiction for such review has now been eliminated by Congress through the RIDA[1] amendments to the Immigration and Nationality Act ("INA"). District court review of removal orders has now been replaced by statutory provisions directing that review of all removal orders -- even those criminally based orders that had previously been barred from circuit court review -- is exclusively in the circuit courts of appeals.

Respondent[2] therefore moves to dismiss this action for lack of subject matter jurisdiction.

---

[1] REAL ID Act of 2005, H.R. 1268, 109th Cong. (2005)(enacted), Pub. L. No. 109-13, Div. B, 119 Stat. 231 ("RIDA"). The RIDA was enacted into law on May 11, 2005.

[2] The responsive official of the Department of Homeland Security responsible for enforcement of petitioner's removal order in the instant action is Bruce Chadbourne, Field Office Director for Detention and Removal, Department of Homeland Security, Bureau of

## BACKGROUND

Petitioner is a native and citizen of Mexico who entered the United States illegally at an unknown time and place without inspection. On December 19, 2003, petitioner was found to be removable as an alien who was present in the United States without admission or parole, but the Immigration Judge granted petitioner the relief of voluntary departure from the United States on or before April 17, 2004, with an alternate order of removal to Mexico should petitioner fail to depart voluntarily as ordered. The Immigration Judge also ordered petitioner's release from custody. Petitioner waived administrative appeal, and did not otherwise seek to pursue administrative appeal. See Attachment A, Order of the Immigration Judge.

Petitioner did not depart voluntarily as ordered, and the order of the Immigration Judge therefore matured into a final order of removal to Mexico. Petitioner sought extension of her voluntary departure period, but that request was denied by the Bureau of Immigration and Customs Enforcement ("ICE") because petitioner had received the maximum period of voluntary departure allowed by law.

On June 17, 2005, petitioner was convicted in Family Court in Providence, Rhode Island, for the offense of Cruelty To Or

---

Immigration and Customs Enforcement ("ICE") in Boston, Massachusetts. See 28 U.S.C. § 517 (providing for the appearance of the Department of Justice "to attend to the interests of the United States in a suit pending in a court of the United States").

Neglect of a Child under Rhode Island General Law 11-5-9, and sentenced to 18 month probation and referred to counseling as deemed appropriate.[3] See Attachment B, Judgment and Disposition.

After conviction, petitioner was taken back into the custody of ICE for execution of her removal order, and respondent respectfully gives notice to the Court of its intent to execute that order **for removal to Mexico on June 28, 2005.**[4]

**ARGUMENT**

I.  THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION TO REVIEW PETITIONER'S CLAIMS.

Through various sections of the RIDA Congress has amended the judicial review provisions of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., to now explicitly provide that all review of removal orders is exclusively in the appropriate United States Circuit Courts of Appeals, even for aliens who have criminally-based removal orders. It is now unambiguously directed that no court has any jurisdiction to review such removal orders[5] other than as provided by statute at the circuit court of appeals.[6]

---

[3] The victim was petitioner's own 2-year old son.
[4] Petitioner removal order is based upon her being an alien is the United States who was never admitted or paroled; the removal order is not based upon petitioner's criminal history.

[5] RIDA section 106(a)(1)(B) creates new INA section 242(a)(5), 8 U.S.C. § 1252(a)(5):

(5) EXCLUSIVE MEANS OF REVIEW- Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a

Prior to the enactment of RIDA on May 11, 2005, circuit courts had determined generally that the jurisdictional bar to judicial review at 8 U.S.C. § 1252(a)(2)(C) effectively kept criminally-based deportation and removal cases from being reviewed at the circuit, except for certain threshold jurisdictional questions relating to the bars themselves. See e.g. Sousa v. INA, 226 F.3d 28, 31 (1st Cir. 2000) ("INA section 242(a)(2)(C) is not a bar to our considering Sousa's claim that he is not removable as an aggravated felon.").

The result was that petitioners with such criminally-based removal orders sought habeas corpus review of their cases in the district court where possible, because it was held that the absence of an explicit reference to habeas corpus jurisdiction under 28 U.S.C. § 2241 in prior Congressional efforts to limit judicial review was ineffective to restrict such habeas corpus review. See e.g. Goncalves v. Reno, et al., 144 F.3d 110, 120 (1st Cir. 1998), cert. denied 526 U.S. 1004, ("any repeal of the

---

petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms `judicial review' and `jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

[6] See 8 U.S.C. § 1252(b)(2) (prescribing venue in review of a removal order, "[t]he petition for review shall be filed with the

4

federal courts' historic habeas jurisdiction must be explicit and make express reference specifically to the statute granting jurisdiction."); Mahadeo v. Reno, et al., 226 F.3d 3, 10 (1st Cir. 2000) (pre-RIDA judicial review provisions for removal orders "lack the clear statement of the congressional intent necessary to eliminate habeas review."). Also, the absence of any other forum for review of criminally-based removal orders was a factor in court determinations that pre-RIDA judicial review provisions did not repeal habeas corpus review of removal orders by implication. INS v. St. Cyr, 533 U.S. 289, 314 (2001).

However, with the enactment of RIDA Congress has at once now unequivocally indicated its intent to eliminate habeas corpus review of removal orders and at the same time indicated its intent to provide judicial review for all removal orders in the circuit courts of appeals.[7] RIDA section 106(a)(1)(A)(iii) has now created a new section of the INA, section 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D),[8] that explicitly provides for a review

---

court of appeals for the judicial circuit in which the immigration judge completed the proceedings.").

[7] See Conference Report, 151 Cong. Rec. H2813, 2873, 109th Cong., 1st Sess., available at 2005 WL 1025891 (May 3, 2005)("Under the amendments in section 106, all aliens will get review in the same forum -- the courts of appeal.").

[8] RIDA Section 106(a)(1)(A)(iii) creates new INA section 242(a)(2)(D):

JUDICIAL REVIEW OF CERTAIN LEGAL CLAIMS.-
Nothing in subparagraph (B) or (C) [i.e., INA sections 242(a)(2)(B) and (C), 8 U.S.C. §§ 1252(a)(2)(B) and (C)], or in any other provision of this Act (other than this section) which

for even criminally-based removal cases in the circuit court, viz., "review of constitutional claims or questions of law". Cf. Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002) (federal courts "retain subject matter jurisdiction over habeas petitions brought by aliens facing removal to the extent those petitions are based on colorable claims of legal error, that is, colorable claims that an alien's statutory or constitutional rights have been violated."). See also Papageorgiou v. Gonzales, --- F.3d --- (3rd Cir. 2005) (2005 WL 1490454) ("With this [RIDA] amendment, Congress evidenced its intent to restore judicial review of constitutional claims and questions of law presented in petitions for review of final removal orders."); Fernandez-Ruiz v. Gonzalez, --- F.3d --- (9th Cir. 2005) (2005 WL 1301593, *1) ("By this [RIDA] amendment, Congress restored judicial review of constitutional claims and questions of law presented in petitions for review of final removal orders.").

The RIDA's explicit elimination of subject matter jurisdiction under 28 U.S.C. § 2241 when read with RIDA's explicit provision for "review of constitutional claims or questions of law" for all aliens upon properly filed petitions for review at the circuit court, is now congruent with the Supreme Court's recognition that "Congress could without raising

---

limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

6

any constitutional questions, provide an adequate substitute [to section 2241] through the courts of appeal." INS v. St. Cyr, 533 U.S. 289, 314 n.38 (2001). See also Swain v. Pressley, 430 U.S. 373, 381 (1977) ("[T]he substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention" does not violate the Suspension Clause.).[9]

Additionally, RIDA amends INA section 242(b)(9),[10] 8 U.S.C. § 1252(b)(9), and INA section 242(g),[11] 8 U.S.C. § 1252(b)(g), to

---

[9] Habeas challenges to pure detention -- that is, challenges only as to the fact of detention or continuing detention and not vicariously to the lawfulness of a removal order -- are not affected by the RIDA section 106 jurisdictional amendments. See Conference Report, 151 Cong. Rec. H2813, 2873, 109th Cong., 1st Sess., available at 2005 WL 1025891 (May 3, 2005)("Moreover, section 106 would not preclude habeas review over challenges to detention that are independent of challenges to removal orders.").

[10] Amendments made by Section 106(a)(2) RIDA to INA section 242(b)(9):

242(b)(9) CONSOLIDATION OF QUESTIONS FOR JUDICIAL REVIEW.- Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this title shall be available only in judicial review of a final order under this section. ***Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28, United States Code, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.***

(Amended language emphasized).

[11] Amendments made by Section 106(a)(3) RIDA to INA section 242(g):

7

plainly include 28 U.S.C. § 2241, inter alia, as being within the express terms of those statutory jurisdictional review bars.

The sum and substance of these amendments is to make explicit that no court other than the court of appeals as provided by statute now has any subject matter jurisdiction respecting "all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States", and respecting "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this [INA]".  INA sections 242(b)(9) and 242(g), respectively, as amended by RIDA.

The effective date for these RIDA judicial review amendments provides that the provisions "shall apply to cases in which the final administrative order of removal, deportation, or exclusion

---

242(g) EXCLUSIVE JURISDICTION.--Except as provided in this section and notwithstanding any other provision of law *(statutory or nonstatutory) including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title,* no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

(Amended language emphasized).

was issued before, on, or after the date of enactment of this division [The Real ID Act of 2005]."[12]

Accordingly, under the RIDA amendments the Court lacks subject matter jurisdiction over the petition, and any consideration of petitioner's claim lies only, if at all,[13] at the appropriate circuit court of appeals.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: s/Frank Crowley
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114
(617) 565-2415

---

[12] RIDA section 106(b) provides for the effective dates of the RIDA section 106(a) amendments:

106(b) EFFECTIVE DATE.- The amendments made by subsection [RIDA 106] (a) shall take effect upon the date of enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of enactment of this division.

[13] It is for the circuit court to determine whether any bars exist to its consideration of a particular case, but petitioner accepted an order of voluntary departure by the Immigration Judge as a final order on December 19, 2003, and did not appeal to the Board of Immigration Appeals. Accordingly, petitioner failed to exhaust her administrative remedies, and judicial review is barred by 8 U.S.C. § 1252(d)(1). Sousa v. INS, 226 F.3d 28, 31 (1st Cir. 2000) ("[w]hatever our own views, we are bound by precedent to apply the INA exhaustion requirement in a more draconian fashion.").

9

## CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon counsel for petitioner by mail on June 27, 2005.

s/Frank Crowley
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114

ATTACHMENT A

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
BOSTON, MASSACHUSETTS

LOPEZ-NAVOR ROSALIA
BRISTOL COUNTY JAIL
NO. DARTMOUTH MA 02747

IN THE MATTER OF        FILE A 97-748-784        DATE: Dec 19, 2003
LOPEZ-NAVOR ROSALIA

__ UNABLE TO FORWARD - NO ADDRESS PROVIDED

☒ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE. THIS DECISION
IS FINAL UNLESS AN APPEAL IS FILED WITH THE BOARD OF IMMIGRATION APPEALS
WITHIN 30 CALENDAR DAYS OF THE DATE OF THE MAILING OF THIS WRITTEN DECISION.
SEE THE ENCLOSED FORMS AND INSTRUCTIONS FOR PROPERLY PREPARING YOUR APPEAL.
YOUR NOTICE OF APPEAL, ATTACHED DOCUMENTS, AND FEE OR FEE WAIVER REQUEST
MUST BE MAILED TO:    BOARD OF IMMIGRATION APPEALS
                      OFFICE OF THE CLERK
                      P.O. BOX 8530
                      FALLS CHURCH, VA  22041

__ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE AS THE RESULT
OF YOUR FAILURE TO APPEAR AT YOUR SCHEDULED DEPORTATION OR REMOVAL HEARING.
THIS DECISION IS FINAL UNLESS A MOTION TO REOPEN IS FILED IN ACCORDANCE
WITH SECTION 242B(c)(3) OF THE IMMIGRATION AND NATIONALITY ACT, 8 U.S.C.
SECTION 1252B(c)(3) IN DEPORTATION PROCEEDINGS OR SECTION 240(c)(6),
8 U.S.C. SECTION 1229a(c)(6) IN REMOVAL PROCEEDINGS. IF YOU FILE A MOTION
TO REOPEN, YOUR MOTION MUST BE FILED WITH THIS COURT:

                      IMMIGRATION COURT
                      JFK FEDERAL BLDG., ROOM 320
                      BOSTON, MA  02203-0002

__ OTHER: _____

                                    _____
                                    COURT CLERK
                                    IMMIGRATION COURT                    FF

    CC: WILLIAM RICHARDS
        JFK BLDG., ROOM 425
        BOSTON, MA. 02203
CRP

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
JFK FEDERAL BLDG., ROOM 320
BOSTON, MA 02203-0002

In the Matter of:                   Case No.: A97-748-784
LOPEZ-NAVOR ROSALIA

RESPONDENT                          IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

Upon the basis of respondent's admissions, I have determined that the respondent is subject to removal on the charge(s) in the Notice to Appear. The respondent has made application solely for voluntary departure in lieu of removal.

It is HEREBY ORDERED that the respondent be GRANTED voluntary departure in lieu of removal, without expense to the Government on or before Apr 17, 2004 or any extensions as may be granted by the District Director, Immigration and Naturalization Service, and under whatever conditions the District Director may direct.

It is FURTHER ORDERED:

[ ] that the respondent post a voluntary departure bond in the amount of _____ N/A _____ with the Immigration and Naturalization Service on or before ___ N/A ___.

[✓] that the respondent shall provide the Immigration and Naturalization Service travel documentation sufficient to assure lawful entry into the country to which the alien is departing within 60 days of this order, viz. 2/17/04, or within any time extensions that may be granted by the Immigration and Naturalization Service.

[ ] Other ___ N/A ___

It is FURTHER ORDERED that if any of the above ordered conditions are not met as required, the above order shall be withdrawn without further notice or proceedings and the following shall thereupon become immediately effective: respondent shall be removed to MEXICO on the charge(s) in the Notice to Appear.

It is FURTHER ORDERED that if respondent fails to depart as required, the above order shall be withdrawn without further notice or proceedings and the following order shall become immediately effective: respondent shall be removed to MEXICO on the charge(s) in the Notice to Appear.

If you fail to appear for removal at the time and place ordered by the INS, other than because of exceptional circumstances beyond your control (such as

serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances), you will not be eligible for the following forms of relief for a period of ten (10) years after the date you were required to appear for removal:

(1) Voluntary departure as provided for in section 240B of the Immigration and Nationality Act;
(2) Cancellation of removal as provided for in section 240A of the Immigration and Nationality Act; and
(3) Adjustment of status or change of status as provided for in section 245, 248 or 249 of the Immigration and Nationality Act.

/s/ Patricia Sheppard
PATRICIA SHEPPARD
Immigration Judge
Date: Dec 19, 2003

Appeal: ~~RESERVED~~ WAIVED (A/I/B)
~~Appeal Due By: Jan 20, 2004~~

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL(M)   PERSONAL SERVICE (P)
TO: [ ] ALIEN  [✓] ALIEN c/o Custodial Officer  [✓] Alien's ATT/REP  [✓] INS
DATE: 12/19/03   BY: COURT STAFF _____
Attachments: [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

Form EOIR 4 - 3T (Vol. Depart. - REMOVAL)

ATTACHMENT B



**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**

**JUDGMENT AND DISPOSITION**

FAMILY COURT in ...Providence... County

State
vs
Rosalia Lopez-Navor

Case Number: P2004-0020 CR

On this ..17.. day of ..June.., 2005, came the attorney for the State, and the defendant appeared in person (and by counsel, namely Assistant Atty General Andrew Muccignosso and Atty Virgen Palermo for defendant with Co-Counsel Melan Ayar.

IT IS ADJUDGED that the defendant has been adjudged guilty upon his/her plea of (nolo contendere) (guilty) (not guilty, and after a verdict of guilty) of the offense of ...Cruelty to or neglect of child (11-5-9)...

as charged in count(s) number ...1... of the (indictment) (complaint); and the court having asked the defendant whether he has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the Court;

IT IS ADJUDGED that the defendant is guilty as charged.

IT IS ADJUDGED that ...the defendant is sentenced to 18 months probation and referred to counseling as deemed appropriate by probation...

(IF CONVICTED AFTER TRIAL) The Defendant has been advised of his/her right to appeal within twenty days to the SUPREME COURT

RECEIVED JUN 17 2005 FAMILY COURT Janice K. Canning Deputy Clerk

TRUE COPY ATTEST: Janice K. Canning, Clerk

Justice

Date: 6/17/05