**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

```
ROSALIA LOPEZ              )
     Petitioner           )
                          )
          v.              )
                          )
                          )    NO.  05 11338 WGY
BRUCE CHADBORNE           )
DISTRICT DIRECTOR         )
U.S. IMMIGRATION AND      )
CUSTOMS ENFORCEMENT       )
     Respondent           )
```

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR**
**EXTENSION OF TIME TO RESPOND TO**
**RESPONDENT'S MOTION TO DISMISS**

Petitioner moves to extend the time for Petitioner to Respond to Respondent's Motion to Dismiss. Petitioner bases his Motion on the fact that the REAL ID Act of 2005, Pub. L. 109-13, 119 Stat. 231 ("RIDA") was enacted on May 11, 2005 and Petitioner requests an extension of time to fully analyze said statute and its impact on Petitioner's action.

## I.   INTRODUCTION

On May 11, 2005, RIDA was enacted into law. Section 106(a) of the new law purports to eliminate habeas corpus jurisdiction over challenges to final orders of removal, deportation, or

exclusion. Furthermore, The REAL ID Act provides that pending
habeas corpus petitions that challenge final orders of removal,
deportation, or exclusion (or the portion of the case that
challenges the final order) before a District Court must be
transferred to the court of appeals where a petition for review
could have been filed. REAL ID § 106(c). Therefore, the REAL
ID Act allows that transfer to the Court of Appeals is not
appropriate in some cases (or parts of certain cases).
Furthermore, other statutory and/or constitutional grounds may
exist why transfer is not appropriate in certain cases.

## II.  **MOTION FOR EXTENSION OF TIME**

On June 27, 2005, Respondent filed a motion to dismiss the
instant case. The basis of Respondents' motion is that such
dismissal is required by Fed. R. Civ. P. Rule 12(b)(1), Lack of
Subject Matter Jurisdiction, because of the enactment of the
REAL ID Act.

Pursuant to Local Rule 7.1(B)(2), Petitioner's response to
Respondent's motion is due 14 days after the motion was served
to Petitioner. Petitioner's response is due July 11, 2005.

Furthermore, pursuant to Local Rule 7.1(B)(2) a party may
have the time to file an opposition to the motion if the period
is extended by order of the Court.

Petitioner requests an extension of time to respond to Respondent's motion to transfer for the following reasons.

The REAL ID Act's purported elimination of habeas corpus review of final orders of removal, deportation and exclusion is a significant change in immigration law and a serious movement away from the historical role of habeas corpus in reviewing the legality of executive detention. The Supreme Court has noted "[t]he writ of habeas corpus has *always* been available to review the legality of executive detention." *INS v. St. Cyr*, 533 U.S. 289, 364-65 (2001). Emphasis added.

The issues presented in Respondents motion, including whether and, if so, how the REAL ID Act affects the case at bar (if transfer is appropriate and to which court of appeals the case should be transferred) are issues of first impression. A reasonable extension of time is warranted to allow Petitioner to adequately consider and address the REAL ID Act's impact on the case at bar.

Furthermore, Counsel for Petitioner is scheduled to depart the United States for Spain on July 1, 2005. Counsel for Petitioner is not scheduled to return from Spain until July 10, 2005. Counsel would request an extension of time so as not have to reschedule his trip to Spain where he would probably be unable to recoup all of the costs.

## III. **CONCLUSION**

For the foregoing reasons, Petitioner respectfully requests that this Court grant a 30 day extension of time in which to file a response to Respondents' motion to dismiss, such that the brief would be due on August 10, 2005.

Dated:   7/05/05

Respectfully submitted,

Jeff Ross, Esq.
Ross & Associates
20 Park Plaza, Suite 633
Boston, MA 02116
(617) 338-4040
BBO: 648972

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was
served upon Frank Crowley, Special Assistant U.S. Attorney,
Department of Homeland Security, P.O. Box 8728, J.F.K. Station,
Boston, MA 02114; the attorney of record for Respondent by mail
on _____ , _____.

_____

_____
Jeff Ross, Esq.
Ross & Associates
20 Park Plaza, Suite 633
Boston, MA 02116
(617) 338-4040
BBO:  648972